FORM EDC.5–200 Notice to Debtor of Completed Plan Payments and of Obligation to File Documents  (v.4.16)   11–45434 – D – 13G

# UNITED STATES BANKRUPTCY COURT
## Eastern District of California

**Robert T Matsui United States Courthouse**
**501 I Street, Suite 3–200**
**Sacramento, CA 95814**

(916) 930–4400
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM



## NOTICE TO DEBTOR OF COMPLETED PLAN PAYMENTS AND OF OBLIGATION TO FILE DOCUMENTS

**Case Number:**   11–45434 – D – 13G

**Debtor Name(s) and Address(es):**

Stephen Gary Parras
1232 Plaza Court
Tracy, CA 95377

Lisa Marie Parras
1232 Plaza Court
Tracy, CA 95377

Subject to the later filing of a final report and account, the Chapter 13 Trustee has determined that the Debtor has completed the payments required by the confirmed plan. Therefore, this notice is given by the Trustee to begin the Court's review of the case to determine each Debtor's entitlement to a Chapter 13 bankruptcy discharge.

To receive a discharge:

1. If not previously filed, each Debtor must file a certificate of completion of an approved instructional course concerning personal financial management;

2. Each Debtor must complete and file with the Court the attached *Debtor's 11 U.S.C. § 1328 Certificate* (form EDC 3–190) concerning domestic support obligations, prior bankruptcy discharges, and exemptions claimed in property as described in 11 U.S.C. § 522(p)(1)(A), (B), (C), and (D) which exceed the amount set forth in 11 U.S.C. § 522(q); and

3. If applicable, each Debtor must file the attached *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. § 522(q) Exemptions* (form EDC 3–191).

4. In the event that the Debtor and/or Joint Debtor is deceased, the recipient of this notice shall file the documents as provided in Local Rule 1016–1 *Procedure Upon the Death or Incapacity of a Debtor During the Pendency of a Bankruptcy Case.*

**Each Debtor has 30 days from the date of this Notice to file the required documents with the Court at the address shown above. If a Debtor fails to file all of the documents, the Court may close the case without granting a discharge to that Debtor. Reopening the case in order to file these documents and obtain a discharge requires payment of a reopening fee equal to the case filing fee (currently $235.00 for chapter 13 cases).**

The Chapter 13 Trustee's final report and account will be filed after all disbursements made to creditors have been negotiated. Each Debtor and all creditors will be served with the report and account and given the opportunity to object to it. Once the report and account is approved, provided each Debtor has filed the required documents demonstrating eligibility for a discharge, the Court will issue a discharge order.

**See Reverse Side For Instructions**

Dated:  11/8/16

Respectfully submitted,
/s/ Russell D. Greer
Chapter 13 Trustee

**EDC.5–200 Notice to Debtor of Completed Plan Payments and of Obligation to File Documents** (v.7.15)     **(Page 2 of 2)**

## Instructions

**Retain these instructions and the notice on the reverse side for your records. Do not attach them to or file them with your completed certificates.**

NOTE: Notice of the requirement to file a certificate of completion of course in personal financial management was previously sent to you accompanied by Official Form 423, Certification About A Financial Management Course. Official Form 423 is available on the Forms and Publications page of the court web site (www.caeb.uscourts.gov) or from the divisional clerk's office indicated on the reverse.

| | |
|---|---|
| Debtor's 11 U.S.C. §1328 Certificate (EDC Form 3–190) | All chapter 13 debtors must complete and file EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*. <br><br> EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*, is a two page form containing four sections labeled A through D. All four sections of the form must be completed. <br><br> In joint cases, a separate EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*, must be completed and filed by each spouse. <br><br> EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*, must be filed as a separate two page document, not as an attachment to EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*, or any other document. <br><br> Do not attach EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*, or any other documents to EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*. <br><br> EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*, must be dated and signed at the bottom. <br><br> Debtors who check box 3 in section D on their EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*, must also complete must also complete and file EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*. |
| Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions (EDC Form 3–191) | Not all chapter 13 debtors are required to complete and file EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*. Do not complete and file EDC Form 3–191 unless you are required to do so. <br><br>     Chapter 13 debtors who claim exemptions in real property, personal property, and/or a cooperative used as a residence or claimed as a homestead, or in a burial plot, which exceed in the aggregate $160,375, and who owe debts of the type described in 11 U.S.C. §522(q) are required to complete and file form EDC 3–191. <br><br>     Debtors who checked box 3 in section D of their *Debtor?s 11 U.S.C. §1328 Certificate* are required to complete and file EDC Form 3–191. <br><br>     If you are unsure whether you are required to complete and file form EDC 3–191, consult your attorney. <br><br> EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*, is a two page form containing items numbered 1 through 7. You must provide a response for each numbered item. <br><br> In joint cases, a separate EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. ?522(q) Exemptions*, must be completed and filed by each spouse. <br><br> EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*, must be filed as a separate two page document, not as an attachment to EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*, or any other document. <br><br> Do not attach EDC Form 3–190, *Debtor's 11 U.S.C. §1328 Certificate*, or any other document to EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*. <br><br> EDC Form 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions*, must be dated and signed at the bottom. |

| EDC.3–190 | Debtor's 11 U.S.C. §1328 Certificate (v.8.14) | (Page 1 of 2) |

<div style="border:1px solid black">

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**In re**

Stephen Gary Parras  
1232 Plaza Court  
Tracy, CA 95377

Lisa Marie Parras  
1232 Plaza Court  
Tracy, CA 95377

Debtor(s).

**Case Number**
**11–45434 – D – 13G**

</div>

## DEBTOR'S 11 U.S.C. § 1328 CERTIFICATE

*[Instructions: Each Debtor must complete this Certificate in order to receive a discharge. All Sections of the Certificate must be completed. The Certificate must be filed with the Clerk of Court and served on the Trustee no later than 30 days after the date of form EDC 5–200, Notice to Debtor of Completed Plan Payments and of Obligation to File Documents. In joint cases, each spouse must complete and file a separate Certificate. Therefore, joint debtors may wish to photocopy this form before completing it.]*

**I declare under penalty of perjury that the information provided in this Certificate is true and correct.**

### A. DOMESTIC SUPPORT OBLIGATIONS
*[check the appropriate box]*

☐ 1. During the time this bankruptcy case has been pending, I have not been required to pay a domestic support obligation (such as child support, maintenance or alimony) by any order of a court or administrative agency or by any statute.

☐ 2. During the time this bankruptcy case has been pending, I have paid all domestic support obligations (such as child support, maintenance or alimony) as required under any order of a court or administrative agency or under any statute.

☐ 3. During the time this bankruptcy case has been pending, I have not paid all domestic support obligations, such as child support, maintenance or alimony, as required by an order of a court or administrative agency or by statute.

*If you were obligated to pay a domestic support obligation, please complete the information below. If not, skip to **B. Prior Chapter 7, 11, or 12 Bankruptcy Discharge.***

Name and address of each holder of a domestic support obligation:

Name: _____   Name: _____

Address: _____   Address: _____

_____   _____

_____   _____

My Current Address is:                    My Current Employer is:

Address: _____   Name: _____

_____   Address: _____

_____   _____

_____   _____

### B. PRIOR CHAPTER 7, 11, OR 12 BANKRUPTCY DISCHARGE
*[check the appropriate box]*

☐ 1. I **have NOT** received a discharge in a Chapter 7, 11 or 12 bankruptcy case filed within four (4) years prior to filing this case.

☐ 2. I **have** received a discharge in a Chapter 7, 11 or 12 bankruptcy case filed within four (4) years prior to filing this case.

### C. PRIOR CHAPTER 13 BANKRUPTCY DISCHARGE
*[check the appropriate box]*

☐ 1. I **have NOT** received a discharge in another Chapter 13 bankruptcy case filed within two (2) years prior to filing this case.

☐ 2. I **have** received a discharge in another Chapter 13 bankruptcy case filed within two (2) years prior to filing this case.

### D. 11 U.S.C. §522(q) EXEMPTIONS
*[check the appropriate box]*

☐ 1. I **have NOT** claimed exemptions in real property, personal property, or a cooperative used as a residence or claimed as a homestead, or in a burial plot, that exceed the amount stated in 11 U.S.C. § 522(q)(1). *See* 11 U.S.C. § 522(p)(1)(A), (B), (C), and (D).

☐ 2. I **have** claimed exemptions in real property, personal property, or a cooperative used as a residence or claimed as a homestead, or in a burial plot, that exceed the amount stated in 11 U.S.C. § 522(q)(1), but I owe no debts of the type described in 11 U.S.C. § 522(q).

☐ 3. I **have** claimed exemptions in real property, personal property, or a cooperative used as a residence or claimed as a homestead, or in a burial plot, that exceed the amount stated in 11 U.S.C. § 522(q)(1), even though I owe debts of the type described in 11 U.S.C. § 522(q). If this box is checked, I have filed with this Certificate form EDC 3–191, *Certificate of Chapter 13 Debtor Regarding 11 U.S.C. § 522(q) Exemptions*.

**By signing this Certificate, I acknowledge that all of the statements contained herein are true and accurate and that the Court may rely on the truth of each of these statements in determining whether to grant me a discharge in this case. The Court may revoke my discharge if my statements are not accurate.**

Date: _____          Signed: _____
                                                                                Debtor

                                                          Printed Name: _____

EDC.3−191   Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions (v.8.14)   **(Page 1 of 2)**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

**In re**

Stephen Gary Parras
1232 Plaza Court
Tracy, CA 95377

Lisa Marie Parras
1232 Plaza Court
Tracy, CA 95377

**Debtor(s).**

**Case Number**
**11−45434 − D − 13G**

# CERTIFICATE OF CHAPTER 13 DEBTOR
# REGARDING 11 U.S.C. § 522(q) EXEMPTIONS

*[Instructions: In accordance with 11 U.S.C. § 522(q), Fed. R. Bankr. P. 1007(b)(8), and Local Bankruptcy Rule 5009−1, a chapter 13 debtor who claims exemptions in real property, personal property, and/or a cooperative used as a residence or claimed as a homestead, or in a burial plot, which exceed in the aggregate $160,375, must file this Certificate with the Court after making the last plan payment or, if applicable, prior to the deadline set by the Court when it authorizes a hardship discharge under 11 U.S.C. § 1328(b). See 11 U.S.C. § 522(p)(1)(A), (B), (C), (D), and (q). Debtors who have NOT claimed exemptions in real property, personal property, and/or a cooperative used as a residence or claimed as a homestead, or in a burial plot, which exceed in the aggregate $160,375, should NOT file this Certificate.* **Failure to timely file this Certificate may bar or delay entry of a discharge**.*]*

1. I have claimed exemptions in the aggregate amount of $ _____.

**PLEASE CHECK ALL BOXES THAT APPLY:**

Yes  No

☐  ☐  2. I have been convicted (or there is a proceeding currently pending against me in which I may be convicted of a felony offense punishable by a maximum term of imprisonment of more than one year.

Yes  No

☐  ☐  3. I owe a debt (or there is pending against me a proceeding in which I may be found liable for a debt) due to a violation of a Federal Securities law (as defined in section 3(a)(47) of the Securities Exchange Act of 1934), including, but not limited to, the Securities Act of 1933 (15 U.S.C. § 77a *et seq.*); the Securities Exchange Act of 1934 (15 U.S.C. § 78a *et seq.*); the Sarbanes−Oxley Act of 2002 (Pub. L. No. 107−204, 116 Stat.); the Trust Indenture Act of 1939 (15 U.S.C. § 77aaa *et seq.*); the Investment Company Act of 1940 (15 U.S.C. § 80a−1 *et seq.*); the Investment Advisers Act of 1940 (15 U.S.C.A. § 80b−1 *et seq.*); and the Securities Investor Protection Act of 1970 (15 U.S.C. § 78aaa *et seq.*); any State securities laws; or any regulation or order issued under Federal securities laws or State securities laws.

Yes  No

☐  ☐  4. I owe a debt (or there is pending against me a proceeding in which I may be found liable for a debt) due to fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of a security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 or under section 6 of the Securities Act of 1933.

Yes  No

☐  ☐  5. I owe a debt (or there is pending against me a proceeding in which I may be found liable for a debt) due to a civil remedy under section 1964 of Title 18.

EDC.3–191    Certificate of Chapter 13 Debtor Regarding 11 U.S.C. §522(q) Exemptions        (Page 2 of 2)

| Yes | No | | |
|---|---|---|---|
| ☐ | ☐ | 6. | I owe a debt (or there is pending against me a proceeding in which I may be found liable for a debt) due to a criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years. |
| Yes | No | | |
| ☐ | ☐ | 7. | Although I answered YES to one or more of questions 2 through 6, I am entitled to the exemptions I have claimed and I should receive a discharge because the exemptions are reasonably necessary to support me (and my dependent(s), if any). |

**I declare under penalty of perjury that the foregoing is true and correct.**

Date: _____        Signed: _____
                                                        Debtor

                                    Printed Name: _____